# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Joseph Pedrin,<br>        Petitioner,<br>v.<br>Charles L. Ryan, et al.,<br>        Respondent. | CV 11-150-TUC-DCB-DTF<br><br>**ORDER** |

This matter was referred to Magistrate Judge Thomas T. Ferraro, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On June 20, 2012, Magistrate Judge Ferraro issued a Report and Recommendation (R&R). He recommends that this Court dismiss the Petition. (Doc. 31: R&R.) The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition because Claims 2(b) and 3(c) are procedurally defaulted and Claims 1(a), 1(b)/3(a)[1] and 2(a)/3(b) do not warrant relief on the merits.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo*

---

[1] The Court agrees with the Magistrate Judge that claims 1(b) and 3(a) are essentially the same and Claims 2(a) and 3(b) have the same factual premise. Like the Magistrate Judge, this Court treats these combined claims as Claim 1(b)/3(a) and Claim 2(a)/3(b).

determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Petitioner sought and was granted an extension of time. He filed his Objection on July 27, 2012. The Court has considered the Objection and the documents considered by the Magistrate Judge, which are the Second Amended Petition, the Limited Answer and Answer on the Motion to Suppress.

**OBJECTIONS**

The Petitioner asserts the Magistrate Judge should have concluded the Arizona appellate court's application of Supreme Court law was objectively unreasonable when it found the trial court did not err in denying his request to disqualify and remove jurors Strassman and Bracamonte for being exposed to extraneous evidence during the trial. The Petitioner refers to media coverage about defendant's attempted escape during the trial.

As the Magistrate Judge's R&R reflects the state appellate court made a searching inquiry into the factual background of this claim, Claim 1(b)/3(a). The trial court took steps to individually question each juror that was exposed to the media about the Petitioner, and

1 neither Strassman nor Bracamonte expressed any partiality and assured the judge they could
2 decide the case based on the trial evidence alone. The appellate court found that the trial
3 judge was best suited to assess the jurors' credibility when they affirmed they could set aside
4 the news coverage, which was primarily limited to information about his attempted escape,
5 and decide the case solely on the trial evidence. *See Murphy v. Florida*, 421 U.S. 794, 799
6 (1975) (explaining a juror need not be completely ignorant of the facts nor totally impartial,
7 it is enough if a juror can set this aside and render the verdict based solely on the trial
8 evidence). The Court agrees with the Magistrate Judge's conclusion that the Arizona Court
9 of Appeal's denial of this claim was not an objectively unreasonable application of Supreme
10 Court law.  (R&R at 11-12.)

## CONCLUSION

After a *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for dismissing the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. The Court adopts it, and for the reasons stated in the R&R, the Court dismisses the Petition. **Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 31) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Second Amended Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2254 (Doc. 24) is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion for Certificate of Appealability (Doc. 36) is DENIED.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a

1 certificate of appealability and denies leave to proceed *in forma pauperis* on appeal because
2 the Petitioner has not made a substantial showing of a denial of a constitutional right.

DATED this 10th day of September, 2012.

David C. Bury
United States District Judge